UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| KEN A. RONNE,<br><br>                 Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                 Defendant. | Case No. C20-5647-MLP<br><br>ORDER GRANTING UNOPPOSED MOTION TO STAY |

      This matter is before the Court on Plaintiff's Unopposed Motion to Stay ("Plaintiff's Motion"). (Dkt. # 16.) Plaintiff seeks review of Defendant's decision denying his application for disability benefits. (Dkt. # 6.) In his opening brief, Plaintiff argued that pursuant to *Lucia v. Securities and Exchange Commission*, 138 S.Ct. 2044 (2018), this Court should remand this case because the ALJ was not properly appointed under the Appointments Clause of the U.S. Constitution. (Dkt. # 12 at 15-16.) Plaintiff noted he failed to raise this issue during his administrative proceedings. (*Id.* at 16.)

      Plaintiff requests a stay of this action because his Appointments Clause issue is now pending before the United States Supreme Court. (Dkt. # 16 at 1.) On November 9, 2020, the United States Supreme Court granted certiorari on the question of whether a claimant seeking

disability benefits under the Social Security Act forfeits a challenge to the appointment of an administrative law judge under the Appointments Clause of the United States Constitution by failing to raise that issue during the administrative proceedings. *See Carr v. Saul*, 961 F.3d 1267 (10th Cir. 2020), *cert. granted*, 2020 WL 6551771 (U.S. Nov. 9, 2020) (No. 19-1442); *Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020), *cert. granted*, 2020 WL 6551772 (U.S. Nov. 9, 2020) (No. 20-105).

Accordingly, based on Plaintiff's Motion to Stay (dkt. # 16), and that opposing counsel has no opposition, it is hereby ORDERED that this matter is STAYED until the United States Supreme Court has ruled on the consolidated cases of *Carr* and *Davis*, or until this Court orders otherwise.

Within 14 days of the Supreme Court's ruling, Plaintiff shall file a supplemental brief addressing his position on the Appointments Clause issue. Within 14 days after the filing of Plaintiff's supplemental brief, Defendant shall file a supplemental brief responding to Plaintiff's brief and setting forth his position on the Appointments Clause issue. And within 14 days after the filing of Defendant's supplemental brief, Plaintiff may file a Reply Brief regarding the merits of his case.

Dated this 3rd day of March, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge